THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| E.B. and G.B., | CASE NO. C20-0185-JCC |
| Plaintiffs, | ORDER |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

This matter comes before the Court on Defendant's motion for summary judgment (Dkt. No. 8). Having considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

**I.    BACKGROUND**

On March 24, 2017, Plaintiffs were injured in an automobile accident when a United States Postal Service (USPS) employee struck their vehicle, which was being driven by Plaintiffs' mother. (*See* Dkt. No. 1-1 at 3.) Plaintiffs and their mother filed timely administrative claims with USPS on April 4, 2017. (*See* Dkt. No. 9-1 at 2–3.) USPS denied their claims on March 26, 2018, and informed Plaintiffs and their mother that they had six months to file lawsuits in district court or ask USPS to reconsider its decision. (*See* Dkt. No. 9-2 at 2–3.) On September 17, 2018, Plaintiffs' mother formally asked USPS to reconsider her personal claim through her own counsel. (*See* Dkt. No. 9-4 at 2–3.) At that time, Plaintiffs' mother did not ask

for reconsideration of Plaintiffs' claims. (*See id.*)

On April 18, 2019, USPS received a letter of representation for Plaintiffs. (*See* Dkt. No. 9-5.) USPS responded on September 4, 2019, stating that it would not take further action on Plaintiffs' claims because the claims were denied on March 26, 2018, and Plaintiffs did not appeal within six months. (*See* Dkt. No. 9-9 at 2.) Plaintiffs filed suit in King County Superior Court against the individual USPS driver and her spouse on December 30, 2019. (Dkt. No. 1-1.) Defendant removed the case to the Court on February 6, 2020, and substituted itself for the individual USPS driver and her spouse. (*See* Dkt. Nos. 1, 6.) Defendant now moves for summary judgment. (Dkt. No. 8.)

## II. DISCUSSION

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case, and a dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). In making such a determination, the Court must view the facts and justifiable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Id.* at 255.

### B. Federal Tort Claims Act

The Federal Tort Claims Act (FTCA) provides a remedy for any injury allegedly resulting from negligence by government employees acting within the scope of their employment. 28 U.S.C. § 2679(b). However, the FTCA is a limited waiver of sovereign immunity confined by Congress's prevailing interest in preventing stale claims. *Pittman v. United States*, 341 F.2d 739, 741–42 (9th Cir. 1965). Before filing a claim under the FTCA, a claimant must present an administrative claim to the appropriate federal agency within two years of when the alleged claim accrued. *See* 28 U.S.C. § 2401(b). If that agency issues a final denial

ORDER
C20-0185-JCC
PAGE - 2

of an administrative claim, a claimant must file an action in the district court within six months or the tort claim is "forever barred." *Id.* Alternatively, prior to bringing an action in the district court and prior to the expiration of the six-month period provided in 28 U.S.C. § 2401(b), a claimant may ask the agency to reconsider a final denial. 28 C.F.R. § 14.9(b). If a claimant seeks reconsideration from the agency, the statute of limitations for filing a lawsuit in district court is extended six months after the agency issues a final denial of the request for reconsideration. *See id.*; 28 U.S.C. § 2675.

Although 28 U.S.C. § 2401(b) states that claims "shall be forever barred" if not brought within specific time periods, the statute does not preclude equitable tolling when circumstances warrant. *See United States v. Kwai Fun Wong*, 575 U.S. 402, 420 (2015); *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 137 (2008); *Irwin v. Veterans Admin.*, 498 U.S. 89, 95–96 (1990). Therefore, the rule does not deprive the Court of authority to exercise its equitable powers to hear a case brought under the FTCA.

The Court may recognize equitable tolling if (1) Plaintiff has pursued his or her rights diligently and (2) extraordinary circumstances stood in the way of exercising those rights. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The first prong covers those affairs within the claimant's control; the second prong covers matters outside a claimant's control. *See id.* These two components are elements of a test, "not merely factors of indeterminate or commensurable weight." *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016) (holding equitable tolling did not apply because Plaintiff failed to satisfy the extraordinary circumstances test); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (holding that although claimant satisfied the extraordinary circumstances test, he was not entitled to relief because he did not establish the "requisite diligence" test).

Courts rarely invoke equitable tolling in suits against the federal government. *Zavala ex rel. Ruiz v. United States*, 876 F.2d 780, 783 (9th Cir. 1989) (internal citations omitted). Under the FTCA, the two-year statute of limitations is not tolled during the putative plaintiff's minority.

*See Blanche v. United States*, 811 F.3d 953, 959 n.3 (7th Cir. 2016). Indeed, a minor plaintiff's parent's knowledge is imputed to the minor plaintiff under the FTCA. *See Zavala*, 876 F.2d at 782; *Elgamal v. Bernacke*, 2015 WL 12938975, slip op. at 2 (D. Ariz. 2015), *aff'd*, 714 F. App'x 741 (9th Cir. 2018). And the Ninth Circuit has held that children are bound by their parents' failure to file a claim even where that failure results from a conflict of interest. *See, e.g.*, *Landreth v. United States*, 850 F.2d 532, 533 (9th Cir. 1988) (refusing to toll the statute for minor Plaintiff upon finding that both parents had a duty to preserve her claim but failed to do so); *Pittman*, 341 F.2d at 741–42 (refusing to toll the statute for minor Plaintiff despite the fact that her father was prevented only because of a potential conflict of interest with his employer).

Here, Plaintiffs had six months to file a lawsuit in the district court or to ask USPS to reconsider their claims after USPS issued its final denial. *See* 28 U.S.C. § 2401(b). The final denial was issued on March 26, 2018, which means Plaintiffs had until September 26, 2018, to challenge the denial. (*See* Dkt. No. 8 at 5.) Plaintiffs instead waited for twenty months after the final denial to file their lawsuit. (*See* Dkt. No. 1.) Although Plaintiffs do not dispute their failure to timely file a lawsuit in the district court or seek reconsideration from USPS, they assert that equitable tolling is appropriate. Specifically, they state that the Court should equitably toll the statute of limitations for their tort claims because their mother "attempted to preserve their rights" and simply failed to "effective[ly] present all the evidence of injuries." (*See* Dkt. No. 11 at 2.) The Court disagrees.

To determine whether equitable tolling is applicable in this case, the Court considers whether Plaintiffs diligently pursued their rights during the statutory time limit. *Holland*, 560 U.S. at 649. Defendant asserts that Plaintiffs failed to diligently pursue their claims, (*see* Dkt. No. 8 at 7–8), but Plaintiffs maintain that they diligently pursued their rights "because they put forth the effort a reasonable person would." (*See* Dkt. No. 11 at 2.) The Court agrees with Defendant; Plaintiffs did not act diligently to pursue their rights in this case.

Plaintiffs' mother evidently obtained counsel for her own claim against USPS on April

16, 2018—less than a month after USPS rejected the mother's claim and Plaintiffs' claims. (*See* Dkt. No. 9-3.) Yet when Plaintiffs' mother's counsel formally requested that USPS reconsider the mother's claim, counsel did not request that USPS reconsider Plaintiffs' claims. (*See* Dkt. No. 8 at 2.) Plaintiffs claim that their mother was confused by the concept of a conflict of interest, which is why she failed to obtain separate counsel for Plaintiffs until over one year after she obtained counsel for herself. (*See* Dkt. Nos. 8 at 2–3; 11 at 2.) But it does not take a year to realize that separate counsel is needed to circumvent a conflict of interest. Thus, the Court seriously doubts that Plaintiffs' mother "did all [she] could to seek relief for [Plaintiffs'] injuries in this matter." (Dkt. No. 11 at 2.)

Plaintiffs also ask the Court to consider their status as minors when making its decision. (*See id.*) But under the FTCA, the statute of limitations is not tolled for a plaintiff's minority. *See Zavala*, 876 F.2d at 782; *Elgamal*, 2015 WL 12938975, slip op. at 2. Plaintiffs' mother was responsible for filing their claims within the statute of limitations and she failed to do so. The Court is aware of the unfortunate reality that the weight of its decision falls on Plaintiffs, who were still minors when their claims expired and were unable to pursue the claims themselves. *See Peter v. United States*, 2014 WL 12605470, slip op. at 4 (D. Alaska 2014). However, "the law is clear that parents have a duty to act on their child's behalf throughout a limitations period; failure to do so does not justify tolling a statute of limitations." *Id.*

There is no evidence that Plaintiffs' claims were diligently pursued and there is no exception for Plaintiffs' minority under the FTCA. Thus, Plaintiff has not satisfied the first element of the test for equitable tolling. Therefore, the Court need not consider whether the second element is satisfied. *See Pace*, 544 U.S. at 418.

## III. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant's motion for summary judgment (Dkt. No. 8).

DATED this 18th day of March 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C20-0185-JCC
PAGE - 6